UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT D. WILSON,

        Plaintiff,

        v.                         CAUSE NO.: 3:20-CV-586-JD-MGG

ROBERT CARTER, et al.,

        Defendants.

## OPINION AND ORDER

Robert D. Wilson, a prisoner without a lawyer, filed a complaint. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Wilson alleges that, since March 2019, he has been attacked and raped by gang members in the Miami Correctional Facility on numerous occasions. He submitted requests for protective custody and reports under the Prison Rape Elimination Act to Investigator McGee, and, in response, he was moved to another

dormitory within general population, where the attacks continued. He also wrote to Warden Hyatte and Commissioner Carter but received no response. For his claims, Wilson seeks money damages and injunctive relief.

Wilson asserts an Eighth Amendment failure to protect claim against Commissioner Carter, Warden Hyatte, and Investigator Mcgree. The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010).

Based on the allegation that Wilson submitted requests for protective custody and PREA reports to Investigator McGee but received an inadequate response, Wilson states a plausible Eighth Amendment claim for money damages against this defendant. By contrast, the complaint indicates Warden Hyatte and Commissioner Carter are high level officials whose involvement was limited to receiving Wilson's letters regarding correctional staff's failure to protect him. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The Warden and the Commissioner are entitled to delegate matters to appropriate staff and are not required to personally investigate and resolve prisoner complaints. *Id.* at 595. Because the allegations do not suggest that these defendants were

personally involved in violating his Eighth Amendment rights, Wilson may not proceed against them on a claim for money damages.

Wilson also seeks a preliminary injunction for a transfer to another correctional facility. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Consequently, Wilson may proceed on an injunctive relief claim for the protective measures to which he is entitled under the Eighth Amendment. Warden Hyatte in his official capacity is the proper defendant for this claim because he has both the authority and the responsibility to ensure that Wilson receives adequate protection. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). For the same reason, he is also the proper defendant to respond to the request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Robert D. Wilson leave to proceed on an Eighth Amendment claim for money damages against Investigator McGee for failing to protect him against attacks from other inmates at the Miami Correctional Facility since March 2019;

(2) GRANTS Robert D. Wilson leave to proceed on an injunctive relief claim against Warden Hyatte in his official capacity to obtain the protective measures from other inmates to which he is entitled under the Eighth Amendment;

(3) DISMISSES Robert Carter;

(4) DISMISSES all other claims;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on the Investigator McGee and Warden Hyatte at the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) as required by 28 U.S.C. § 1915(d);

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Investigator McGee and Warden Hyatte respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Robert D. Wilson has been granted leave to proceed in this screening order; and

(7) ORDERS Warden Hyatte to file a response to the motion for a preliminary injunction by July 23, 2020.

SO ORDERED on July 15, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT