UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ROBERT D. WILSON, )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>WILLIAM HYATTE, *et al.*, )<br>  Defendants. ) | CAUSE NO.: 3:20-CV-586-JVB-MGG |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Sanction Defendants for Unsupported Summary Judgment Filing [DE 105] filed on June 13, 2023. Defendants filed a response on June 27, 2023, and Plaintiff Robert Wilson responded on January 12, 2024. The motion is now ripe for ruling.

## BACKGROUND

The operative complaint in this lawsuit is Wilson's Third Amended Complaint. In that pleading, Wilson brings seven claims under 42 U.S.C. § 1983 against Defendants for deprivation of Wilson's constitutional rights while incarcerated at Miami Correctional Facility.

On May 8, 2023, Defendants moved for summary judgment (signed by Indiana Deputy Attorney General Julie Tront) and Wilson moved for partial summary judgment. On May 9, Wilson's counsel sent Defendants' counsel a letter asking for the withdrawal of Defendants' motion for summary judgment because, in Wilson's view, Defendants knowingly misrepresented disputed facts as undisputed. Wilson's counsel stated that if the motion was not withdrawn by May 16, 2023, then Wilson would file for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.

Defendants' counsel sought and received Wilson's counsel approval for an extra two days to address the letter and responded on May 18, 2023, indicating that they would not be withdrawing their motion because they had evidence to support the challenged statements. On May 22, Wilson served its Rule 11 motion on Defendants pursuant to Federal Rule of Civil Procedure 11(c)(2). On June 13, Wilson filed the instant motion for sanctions.

## ANALYSIS

Wilson asserts that Defendants' counsel violated Federal Rule of Civil Procedure 11(b) and 28 U.S.C. § 1927 in filing Defendants' pending motion for summary judgment. Wilson requests relief in the form of a prejudicial denial of the motion for summary judgment and for attorneys' fees and costs incurred in responding to the motion for summary judgment and in filing the instant motion for sanctions. The Court addresses each basis in turn.

### A. Rule 11

Rule 11 provides that an attorney, by presenting a motion to the court, "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances [that] . . . the claims, defenses, and other legal contentions are warranted . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b). In the context of a motion for summary judgment,

> When a party has obtained knowledge through the course of discovery, or otherwise, that a material factual dispute exists and yet proceeds to file a summary judgment motion, in hopes that the opposing party will fail or be unable to meet its burden in responding to the motion, he defeats [the purpose of the summary judgment rule]; and, more importantly, violates the rules of procedure which govern the conduct of trial, specifically Rule 11.

*Goka v. Bobbitt*, 862 F.2d 646, 650 (7th Cir. 1988).

Wilson maintains that the "Statement of Material Facts Not in Dispute" ("Statement," found at docket entry number 96) includes disputed facts and that the brief in support of summary

2

judgment ("Brief," found at docket entry number 95) presents disputed facts as undisputed and ignores evidence contrary to Defendants' position.

1.   Statement Paragraphs 38 and 39

Paragraphs 38 and 39 of the Statement represent that "Plaintiff[']s first request for protection is noted as having been filled out February 17, 2020" and "Plaintiff[']s second request for protection is noted as having been filled out by Kenneth Owens on February 25, 2020." Wilson identifies that at his deposition he testified that he filled out a protective custody form in April or May 2019. (Wilson Dep. 15:10-17:2, ECF No. 102-1).

Defendants counter that Wilson's Offender Packet only lists the two February 2020 requests for protective custody. However, Wilson's deposition testimony (which is also evidence) puts the matter in dispute—specifically, there is a dispute whether the identified requests for protection were Wilson's first and second requests or whether Wilson filed earlier requests. Defendants mistake is not indicating that they are only referring to requests that are in Wilson's Offender Packet.

If Defendants had written "Defendants' first record of Plaintiff filing a request for protection" instead of the "first request for protection is noted," they would have drafted a statement consistent with the evidence. Instead, as written, "first" modifies "request for protection" and Defendants' evidence only supports that their first *record* of a request for protection occurred on the cited date. Defendants are technically in violation of Rule 11.

2.   Statement Paragraph 63

Paragraph 63 of the Statement asserts that "Defendant McGee recalls investigating the incident where Plaintiff is alleged to have smoked 'Katie' in his cell and exit with an unnatural walk, which he attributed to smoking and being high." Defense counsel cites page 141 of McGee's

3

deposition in support of this statement. McGee testified "he admitted to being – to smoking and being high at that time, so I correlated that walk, the slowness going on as him being high." (McGee Dep. 141:20-23, ECF No. 97-12).

Wilson points to page 144 of McGee's deposition where McGee was asked "Were you able to make any conclusion definitively about the reason Mr. Wilson was walking unnaturally?" to which McGee responded, "No." *Id.* at 144:5-8. McGee considered the possibilities of being knocked unconscious and being sexually assaulted in addition to the possibility of being high. *Id.* at 143:14-144:4. Still, defense counsel did not represent that McGee conclusively determined the cause of Wilson's unnatural walk, nor did they state that drug use was the cause of Wilson's walk. They wrote that McGee *attributed* the walk to smoking and being high, an accurate reflection of McGee's statement on page 141 of his deposition. It would be inaccurate for Wilson to contend that McGee never attributed the walk to drug use. Nor did Defendants represent that it is an undisputed fact that Wilson's unnatural walk was due to drug use—only that McGee so attributed it. Defense counsel did not violate Rule 11 here.

   3.   Statement Paragraph 56

Paragraph 56 of the Statement specifies that "Defendant Hawk reported no concerns about gang violence at Miami Correctional Facility." At her deposition, Hawk testified that she had no concerns about gang violence at Miami when she was deputy warden, (Hawk Dep. 42:24-43:1, ECF No. 97-8), but she also testified that she believes there is more gang violence at Miami than at other prisons, *id.* at 117:14-20, and she admitted that there are endemic problems with gang violence at Miami. (Hawk/Hyatte RFA No. 33, ECF No. 102-6).

Defendants contend that Hawk's statement of having no concerns about gang violence while deputy warden is accurate. It is true that Hawk testified to this effect at her deposition. As

Wilson identifies, she also admitted to endemic problems with gang violence. Technically, it is possible to admit that there are endemic problems while also maintaining that one is not concerned about those problems. This would be a closer call if Defendants had stated that "Defendant Hawk had no concerns," but as it stands, they are simply reporting a statement that Hawk made at her deposition.

That two statements contradict each other does not make it factually impossible for a person to make both statements. Even if Defendant Hawk elsewhere in the deposition said that she had concerns about gang violence at Miami Correctional Facility, it would not dispute that, at her deposition said also she had no concerns. Defendants would be free to include as undisputed that Hawk *testified* to one statement, and Wilson would be free to include as undisputed that Hawk *testified* to the other. In that scenario, what neither party could state as undisputed is that either statement is *true*.

Paragraph 56 accurately reflects what Hawk said on page 43 of her deposition. Defense counsel did not violate Rule 11 here.

4. The Brief

In the Brief, defense counsel maintains that Defendants Hawk, Hyatte, and Klepinger lack the personal involvement necessary to be held liable because "[a]t best[,] Plaintiff alleges they were cc'd on e-mails regarding Defendant's time in suicide watch and emails regarding Prison Rape Elimination Act reports." However, Wilson's evidence supports the following: that McGee told Hawk and Hyatte about Wilson's protective custody request, (McGee RFA Nos. 3-4, 11-12, ECF No. 102-7), that Hyatte reviews all protective custody requests as a matter of practice, (Hawk/Hyatte RFA No. 26, ECF No. 102-6; Hyatte Dep. 48:7-49:7, ECF No. 102-2) and that Wilson sent written messages to Hawk and Hyatte about the situation, (Wilson Dep. 96:4-15,

5

97:11-98:14, 99:5-7, 100:8-101:9, ECF No. 102-1). Wilson further submits as evidence his appeal forms that Hyatte reviewed and in which Wilson states that the events at issue in the appeal were the third time he was attacked. (Appeal Forms, ECF No. 102-10). Hyatte and Hawk also admitted that they received Wilson's request for protection in the form of a "Request for Interview" slip and, despite having the authority to grant the request for protection, took no steps to protect Wilson. (Hawk/Hyatte RFA No. 17, ECF No. 102-6). Defendants' counsel has stepped over the line from diligent advocacy to presenting the Court with misinformation. Rule 11 is violated.

## B. 28 U.S.C. § 1927

Wilson further maintains that defense counsel's conduct violates 28 U.S.C. § 1927 by unreasonably and vexatiously multiplying the proceedings. "Section 1927 permits courts to levy sanctions against an attorney—not a party—if the attorney has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice or where a claim is without a plausible legal or factual basis and lacking in justification." *Mullen v. Butler*, 91 F.4th 1243, 1254 (7th Cir. 2024) (quoting *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (internal quotation marks omitted)). Sanctions imposed under § 1927 are a matter for the court's discretion. *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1081 (7th Cir. 2018).

Sanctions under § 1927 are justified for either subjective or objective bad faith. *Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 708 (7th Cir.), *opinion modified on reh'g*, 832 F.3d 699 (7th Cir. 2016). "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985).

Wilson asserts that Defendants' motion for summary judgment violates § 1927. A reasonably careful attorney would have known (especially after receiving the Rule 11 safe harbor

6

letter), that it was disputed that Wilson's first and second requests for protection were made on the specified dates and that the challenged statement in Defendants' brief was inaccurate. Therefore, § 1927 provides an alternative basis for sanctioning defense counsel.

### C. Relief

Wilson asks the Court to strike Defendants' motion for summary judgment and award Wilson costs and fees against the Office of the Attorney General. The Court finds that striking the motion would be a sanction disproportionate to Defendants' behavior, especially in light of the Court's preference to rule on the merits of the motions presented to it.

Regarding the request for costs and fees, the Court notes that such awards are available under both Rule 11 and § 1927 and that it is a matter of the Court's discretion whether to make awards of costs and fees. *See* 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings . . . unreasonably and vexatiously *may* be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." (emphasis added)); Fed. R. Civ. P. 11(c) ("If . . . the court determines that Rule 11(b) has been violated, the court *may* impose an appropriate sanction . . . ." (emphasis added)).

Wilson contested five items in Defendants' summary judgment briefing that he contests: four are items in Defendants' statement of material facts, and one is an argument made in Defendants' brief. Of these, two items in the statement of material facts are technically in violation of Rule 11 and § 1927, and the item in the brief violates Rule 11 and § 1927. The other two items in the statement of material facts violated neither Rule 11 nor § 1927.

This case approaches the line where the Court would find that sanctions are warranted. The Court is also aware that defense counsel's conduct in this case led Magistrate Judge Gotsch to issue sanctions in discovery. On the other hand, Wilson's motion is only partially successful and two of

the violations are possibly the result of inartful drafting instead of intentional misstatement. The Court also finds that little harm has resulted from the violations, as the Court did not rely on any of the violative statements in ruling on Defendants' motion for summary judgment.

Accordingly, in the exercise of discretion, the Court will not sanction defense counsel at this time. However, if further misconduct occurs in this case, Wilson is permitted to refile his request for sanctions.

## CONCLUSION

For these reasons, the Court hereby **DENIES without prejudice** Plaintiff's Motion to Sanction Defendants for Unsupported Summary Judgment Filing [DE 105].

SO ORDERED on March 27, 2024.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT